# EXHIBIT 26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24038-CIV-COOKE/TORRES

ADANA INVESTING, INC.,
a British Virgin Islands company,

      Plaintiff,

v.

FORREST CAPITAL PARTNERS, INC.,
a Florida corporation, FORREST CAPITAL
AND CO, LLC, a Florida limited liability
company, WEATHERVANE PRODUCTIONS,
INC., a Nevada corporation, WVP HOLDING,
LLC, an Oklahoma limited liability company,
BENJAMIN MCCONLEY, an individual,
and JASON VAN EMAN, an individual,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S *EX PARTE* EMERGENCY
MOTION FOR SEIZURE AND EXPEDITED DISCOVERY**

This matter is before the Court on Plaintiff's Emergency Motion for Temporary

Restraining Order and Expedited Discovery ("Motion"). [D.E. 4][1] Having reviewed

Plaintiff's Motion and heard arguments presented by counsel at an ex-parte hearing

on October 30, 2015, the Court finds that Plaintiff has established a likelihood of

success on the merits of its claims for relief and provided substantial evidence that

Defendants breached the parties' security agreement. Pursuant to said agreement, the

Court finds that Plaintiff has provided substantial evidence that immediate seizure of

---

[1]     This matter was referred to the undersigned by the Honorable Marcia
Cooke. [*See* D.E. 5].

the bank accounts as described in the Emergency Motion is in the public interest and necessary to protect Plaintiff from irreparable harm. The Court hereby orders that Plaintiff's Motion be **GRANTED in part** as follows:

1.    Defendants[2] purport to be in the film financing business. On May 14, 2015, Plaintiff and Defendant WVP Holding entered into a Bridging Facility Agreement ("Bridging Agreement") for the purpose of obtaining a $30 million line of credit to finance three motion pictures. Subject to the Bridging Agreement, Plaintiff was to make a short-term bridge loan of $15 million to WVP Holding subject to the terms of the parties' Funding Agreement, which required that Plaintiff's loan be used only to collateralize the line of credit the parties sought to obtain from Wells Fargo Bank, N.A. ("Wells Fargo").

2.    First, Plaintiff was to deposit $15 million into account no. xxxxxx5075 at Wells Fargo in the name of Forrest Capital LLC, who would in turn contribute an additional $15 million to the account. Next, Forrest Capital Inc. was to apply to Wells Fargo for the $30 million line of credit. Once the line of credit was received, Forrest Capital Inc. and WVP Holding were then to transfer a draw from the line of credit to account no. xxxxx772 at Arvest in the name of WVP Holding. This account was to be subject to a Deposit Account Control Agreement ("DACA"), pursuant to which WVP

---

[2]    Each of the named corporate defendants are owned and controlled by the two individual named defendants captioned above.

Case 1:15-cv-24038-MGC Document 11 Entered on FLSD Docket 10/30/2015 Page 3 of 7

Holding was not authorized to make any withdrawals without Plaintiff's written consent.

3.     Once the draw from the line of credit was deposited into the Arvest account, WVP Holding was to transfer $15 million plus monthly interest, fees, and expenses[3] back to Plaintiff by wiring funds to a trust account controlled by Plaintiff's transactional counsel, pursuant to the terms of the parties' Funding Agreement, which provided that Plaintiff was to be repaid no later than 120 days from the date on which WVP Holding drew down the $15 million in proceeds from Plaintiff's $15 million loan.

4.     Prior to the execution of the Bridging Agreement and Funding Agreement, Defendants provided Plaintiff with assurances from the banks holding Plaintiff's funds that Plaintiff's $15 million would be used only for the purposes set forth in the Funding Agreement.  Plaintiff, WVP Holding, and Arvest executed a DACA.  Plaintiff was also provided letters from an individual identifying as a banker at Wells Fargo, echoing that the funds would only be used and managed in accordance with the parties Funding Agreement.

5.     Based on the above, Plaintiff wired $15 million to Wells Fargo account no. xxxxxx5075 on May 15, 2015.  Therefore, Defendants had until September 17, 2015 to repay Plaintiff in accordance with the parties' agreements.  To this date, despite Defendant's constant assurances—including increasingly suspect purported screen

---

[3]     Plaintiff calculates that it is owed approximately $1.8 million in interest to date.

shots, emails from a Wells Fargo banker, and Fedwire confirmation numbers—that they are in the process of transferring Plaintiff its money, Plaintiff has not been repaid. Plaintiff has made various attempts to contact Wells Fargo and Arvest to confirm the security of its funds, but Defendants have thwarted Plaintiff's efforts. Finally, Plaintiff has not yet received any reliable information that the required transfer was ever made.

6. Defendants have provided Plaintiff records from three account numbers in the name of Forrest Capital Inc. (xxxxxx5335; xxxxxx3574; xxxxxx6332), one account in the name of Forrest Capital LLC (xxxxxx5075), and one account in the name of WVP Holding (xxxxxx4620), all at Wells Fargo.

7. Despite repeated demands for the return of its funds, Defendants remain in control of Plaintiff's $15 million without Plaintiff's consent. In light of Defendants' breadth of deception thus far, their disregard for the parties agreements, and their potential forgery of bank records and Fedwire confirmation numbers, an order other than an *ex parte* seizure is inadequate.

8. Plaintiff has not publicized the requested seizure.

9. Plaintiff is likely to succeed in showing Defendants' conduct constitutes a breach of the parties' agreements as well as civil conversion.

10. An immediate and irreparable injury will occur if seizure is not ordered.

11. The material to be seized constitutes all funds in the following accounts mentioned in Plaintiff's Emergency Motion: (1) Account no. xxxxxx5075 in the name of Forrest Capital LLC at Wells Fargo; (2) account no. xxxxxx772 in the name of WVP

Case 1:15-cv-24038-MGC Document 11 Entered on FLSD Docket 10/30/2015 Page 5 of 7

Holding at Arvest; and (3) accounts identified by Defendants and/or Wells Fargo as potentially containing Plaintiff's funds (Wells Fargo accounts no. xxxxxx5335, xxxxxx3574, and xxxxxx6332 in the name of Forrest Capital Inc.; Wells Fargo account no. xxxxxx4620 in the name of WVP Holding).

12.    The harm to Plaintiff in denying the seizure outweighs the harm to the legitimate interests of Defendants in granting the seizure.

13.    Given Defendants' pattern of deception thus far, it is more probable than not that they would move, hide, or otherwise make such matter inaccessible to the Court.

14.    Based upon the evidence and argument presented by Plaintiff in support of its Motion, the Court finds a reasonable surety bond at issue will depend on the amount of money seized from the accounts listed above. Therefore, the Court will revisit the amount of a reasonable surety bond at a later date, once this Order is effectuated.

15.    Plaintiff's Motion for Expedited Discovery is granted, as set forth below.

Case 1:15-cv-24038-MGC Document 11 Entered on FLSD Docket 10/30/2015 Page 6 of 7

In accordance with the foregoing, **IT IS ORDERED**:

1. It is hereby ordered that the following are to be seized: Any assets or funds in account number 1644585075 at Wells Fargo Bank, N.A., account number 6140905335 at Wells Fargo Bank, N.A., account number 1553153574 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx6322 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx4620 at Wells Fargo Bank, N.A., and account number 31608772 at Arvest Bank.

2. The assets set forth above shall be and remain frozen, and the financial institutions in which these assets are located, shall not permit the transfer or withdrawal of assets from Defendants' accounts (including, but not limited to account number 1644585075 at Wells Fargo Bank, N.A., account number 6140905335 at Wells Fargo Bank, N.A., account number 1553153574 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx6322 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx4620 at Wells Fargo Bank, N.A., and account number 31608772 at Arvest Bank), except as provided by further order of this Court or by written agreement of the parties;

3. Defendants shall provide records from the respective financial institutions of all funds deposited into and withdrawn from account number 1644585075 at Wells Fargo Bank, N.A., account number 6140905335 at Wells Fargo Bank, N.A., account number 1553153574 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx6322 at Wells Fargo Bank, N.A., an account whose number ends in xxxxxx4620

Case 1:15-cv-24038-MGC Document 11 Entered on FLSD Docket 10/30/2015 Page 7 of 7

at Wells Fargo Bank, N.A., and account number 31608772 at Arvest Bank, from May 15, 2015 to the present within seven (7) calendar days;

4. Defendants shall provide bank account information (bank name, account name, and account number) for each and every account in Defendants' names, either individually or jointly, within seven (7) calendar days;

5. Defendants **SHALL** also be required to appear for deposition within seven (7) calendar days of providing the written discovery responses;

6. Adana may immediately serve third-party subpoenas *duces tecum* on Wells Fargo Bank, N.A. and Arvest Bank. Wells Fargo Bank, N.A. and Arvest Bank **SHALL** respond to the subpoenas *duces tecum* within ten (10) calendar days of service;

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of October, 2015.

/s/ Edwin G. Torres
EDWIN G. TORRES
United States Magistrate Judge