# EXHIBIT 37

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-21536-MGC

LONDON TOWN PIC LIMITED,
SOFIA SONDERVAN-BILD, and
TOM BUTTERFIELD,

     Plaintiffs,

v.

WELLS FARGO BANK, N.A., and
WELLS FARGO ADVISORS, LLC,

     Defendants.

_____/

## PLAINTIFF, SOFIA SONDERVAN-BILD'S ANSWERS TO DEFENDANT WELLS FARGO ADVISORS LLC'S FIRST SET OF INTERROGATORIES

Plaintiff, SOFIA SONDERVAN-BILD, by and through undersigned counsel, hereby

provides her answers to Defendant, WELLS FARGO ADVISORS LLC.'s First Set of

Interrogatories, propounded on July 15, 2020, in accordance with the applicable Federal Rules of

Civil Procedure.

          Respectfully submitted,

          By: /s/ *Benjamin H. Brodsky*
          Benjamin H Brodsky, Esq.
          Florida Bar No. 73748
          BRODSKY FOTIU-WOJTOWICZ, PLLC
          *Counsel for Plaintiffs*
          200 SE 1 Street, Suite 400
          Miami, Florida 33131
          Tel:  305-503-5054
          Fax:  786-749-7644
          bbrodsky@bfwlegal.com
          docketing@bfwlegal.com

EXHIBIT

**20**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email on

August 21, 2020, on all counsel or parties of record on the Service List below.

/s/ Benjamin H. Brodsky
Benjamin H Brodsky, Esq.

## SERVICE LIST

Emily Y. Rottmann, Esq.
Jarrod D. Shaw, Esq.
MCGUIRE WOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
904-798-3200
904-798-3207
erottmann@mcguirewoods.com
jshaw@mcguirewoods.com
flservice@mcguirewoods.com

2

## ANSWERS

1.      Identify and describe all contact or Communications, including the substance, date, and manner (*e.g.,* by telephone, in person, etc.) of the Communications, since January 1, 2014 between You and the Forrest Capital Entities and/or Forrest Capital Individuals.

**ANSWER:** Plaintiff objects to this request as unduly burdensome.  Plaintiff had many phone calls with the Forrest Capital Entities and/or Forrest Capital Individuals since January 1, 2014.  As it pertains to Plaintiff's written communications with Adana Investing and/or Vandermolen since January 1, 2014, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' document production, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.

2.      Identify and describe all contact or Communications since January 1, 2014 between You and Defendants Relating to or Regarding the Forrest Capital Entities, Forrest Capital Individuals, the film London Town and/or the alleged Forrest Capital Scheme, including (a) the date of the Communication, (b) the substance of the Communication, (c) the manner of the Communication (*e.g.,* by telephone, in person, etc.), and (d) the name of the Wells Fargo employee(s) with whom You communicated.

**ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' document production, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.

3

3.      Identify and describe all contact or Communications, including the substance, date, and manner (*e.g.,* by telephone, in person, etc.) of the Communications, since January 1, 2014 between You and Adana Investing and/or Vandermolen.

> **ANSWER:** Plaintiff objects to this request as unduly burdensome.  Plaintiff has had dozens if not hundreds of phone calls and meetings with Adana Investing and/or Vandermolen since January 1, 2014.  As it pertains to Plaintiff's written communications with Adana Investing and/or Vandermolen since January 1, 2014, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' document production, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.

4.      Identify every investment, payment, or other transfer of money that You made or received Relating to the alleged Forrest Capital Scheme, including (a) the date the payment was made, (b) the amount, (c) the medium through which payment was sent, (d) the payor, (e) the payee, (f) the financial institution and account number if any, from which the payment originated, (g) the financial institution, if any, to which the payment was sent, and (h) any check number, confirmation number, or other number identifying the transaction.

> **ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' document production, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.

5.      Identify every investment, payment, or other transfer of money that You made or received Relating to the loan from Vandermolen as described in Paragraph 22 of the Complaint, including (a) the date the payment was made, (b) the amount, (c) the medium through which payment was sent, (d) the payor, (e) the payee, (f) the financial institution and account number, if any, from which the payment originated, (g) the financial institution and account number, if any, to which the payment was sent, and (h) any check number, confirmation number or other number identifying the transaction, (i) the status of the loan, and (j) any demands for payment made by Vandermolen.

      **ANSWER:** Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' document production, and the burden of deriving or ascertaining the answer will be substantially the same for Defendants as it would be for Plaintiff.

6.      For each item or category of damage or harm You claim that You and/or any of the Plaintiffs suffered because of some action or inaction by Wells Fargo, identify and describe: (a) the nature and amount of damages sought, (b) how the damages were calculated, (c) the facts supporting Your claim that the damages resulted from some action or inaction of Wells Fargo, and (d) all Documents reflecting or Relating to the incurrence of such costs or damages.

      **ANSWER:**

      a.     *Deferred production fee*: $25,000

      b.     *Loss of gross receipts*: $140,000

      c.     *Loss of bank-end net profits* of 5%: Plaintiffs will prove up the lost profits caused by Defendants' torts through expert witness testimony.  These

lost profits will include the loss of domestic and foreign presales as well as loss of worldwide box office.  Documents supporting the lost profits damages will be provided in Plaintiffs' forthcoming production.

d.  *Reputational damages*: Plaintiff Sondervan-Bild will prove up her reputational damages caused by Defendants' torts through expert witness testimony.

e.  *Out-of-pocket expenditures for film festival travel*: $20,000

f.  *Punitive Damages:* to be determined by jury

g.  *Treble Damages Under Fla. Stat. § 772.104*: to be calculated upon jury verdict

Under penalties of perjury, I declare that I have read the foregoing Answers to Defendant Wells Fargo Bank, N.A.'s First Set of Interrogatories and they are true and correct.

Dated: August 19, 2020.

_____
SOFIA SONDERVAN-BILD